UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY VENTURA, and
DEBRA VENTURA,

               Plaintiffs,                    CIVIL ACTION NO. 10-13235

        v.                          DISTRICT JUDGE SEAN F. COX

BANK OF AMERICA, N.A.,           MAGISTRATE JUDGE MARK A. RANDON
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
and FEDERAL NATIONAL ASSOC.,
a/k/a FANNIE MAE,

               Defendants.

_____/

**REPORT AND RECOMMENDATION TO DENY DEFENDANTS'
MOTION TO RELEASE FUNDS IN ESCROW (DKT.  NO. 18)**

This matter comes before the Court on Bank of America, N.A., Mortgage Registration

Systems, Inc., and Federal National Mortgage Association a/k/a Fannie Mae's (collectively

"Defendants") motion to release funds in escrow (Dkt. No. 18).  On October 28, 2011, Judge

Sean F. Cox referred the motion to this Magistrate Judge for a Report and Recommendation

(Dkt. No. 20).  The motion was heard on November 17, 2011.  For the reasons set forth below, it

is **RECOMMENDED** that Defendants' motion to release funds in escrow be **DENIED**.

**I.  FACTS**

On or about July 19, 2010, Plaintiffs Timothy and Debra Ventura ("Plaintiffs") filed a

lawsuit against Defendants in the Genessee County Circuit Court.  Plaintiffs' lawsuit raised

various claims against Defendants related to the foreclosure of their residential mortgage, which

-1-

encumbered real property located at 13558 S. Horrell Road, Fenton, Michigan 48430 (the

"Property").  Shortly after Plaintiffs sued Defendants in state court, the parties negotiated an

"Order Regarding Plaintiff's Motion for a Preliminary Injunction," which was, in effect, an

agreement for the state court to enter a preliminary injunction.  On August 9, 2010, the state court

entered the parties' stipulated injunction, the salient provisions of which read as follows:

> This matter comes before the Court on the parties' stipulation as to plaintiffs'
> motion for temporary restraining order and preliminary injunction. Having
> otherwise been fully advised on the premises;
>
> IT IS HEREBY ORDERED that defendants are enjoined from proceeding with
> eviction on the real property located at 13558 S. Horrell Road, Fenton, Michigan
> 48430 until further order of this court.
>
> IT IS FURTHER ORDERED that each month plaintiffs shall pay the amount of
> $1,500.00 into escrow with the Court no later than the first of each month, starting
> on September 1, 2010. If plaintiffs' claims are dismissed against defendants, the
> escrow shall be paid to defendants and applied to amounts outstanding on the
> mortgage loan at issue in this case. This order does not alter plaintiffs' obligations
> under any agreement between the parties, and it should be in no way construed as
> a waiver by the owner of the mortgage loan to collect all amounts due and owing
> on the loan (the amount of which is presently in dispute).
>
> This is not a final order, and it does not dispose of the last pending claim or
> otherwise close the case.

(Dkt. No. 19; Ex. 1)

The parties did not establish an escrow account with the state court as required by the order.

Instead, when the first payment became due, Plaintiffs' counsel voluntarily held the funds and

accounted for them in his law firm's IOLTA trust account.

On August 16, 2010, Defendants removed Plaintiffs' case to this Court (Dkt. No. 1).

Upon removal to this Court, "all injunctions, orders, and other proceedings had in such action

prior to its removal...remain[ed] in full force and effect until dissolved or modified by the district

court." 28 U.S.C. § 1450. The preliminary injunction was not dissolved or modified by this

Court. The parties did not set up an escrow account with this Court, and Plaintiffs continued

depositing escrow funds into their counsel's IOLTA trust account.

On February 15, 2011, Fannie Mae, one of Defendants – despite being enjoined from

doing so – commenced a landlord-tenant eviction action against Plaintiffs in the 67th District

Court (Fenton, Michigan) (Dkt. No. 19; Ex. 7). This action by Fannie Mae set off a flurry of

communications between counsel for Plaintiffs and Defendants (Dkt. No. 19; Ex. 5). Eventually,

the parties agreed that the eviction action was wrongfully filed and should be "ceased." *Id.*

Despite the apparent agreement to "cease" the eviction proceedings against Plaintiffs, Fannie

Mae forged ahead and a default judgment of eviction granting Defendants possession of the

Property was entered on or about March 8, 2011 (Dkt. No. 19; Ex. 7) and served on Plaintiffs.

Finally, on March 14, 2011, after threats of contempt before this Court, a stipulated order

dismissing the landlord-tenant case was entered by the 67th District Court. *Id.* After Fannie Mae

instituted the eviction proceedings against Plaintiffs, Plaintiffs stopped making the $1,500

monthly escrow payments. At this time, the escrow account contains $12,000 (Dkt. No. 19; Ex.

3 at 2).

On August 1, 2011, this Court entered a stipulated order dismissing this case with

prejudice. The stipulated order dismissing this case reads:

> THE PARTIES have stipulated and agreed to dismiss the action with prejudice
> and without costs to either party. The court is otherwise fully advised in the
> premises.
>
> IT IS HEREBY ORDERED that the action shall be and is hereby dismissed with
> prejudice and without costs to either party.
> (Dkt. No. 17)

-3-

Of note, there is *no mention* in the order of dismissal of what should happen to the funds held in

escrow, nor does the order of dismissal state that the preliminary injunction would survive

dismissal of the case.

## II. ANALYSIS

Defendants' motion to release funds in escrow (Dkt. No. 18) argues that this Court has

the authority to release the escrow funds to Defendants pursuant to 28 U.S.C. § 2041 and 28

U.S.C. § 2042.  Section 2041 reads:

> All moneys paid into any court of the United States, or received by the officers
> thereof, in any case pending or adjudicated in such court, shall be forthwith
> deposited with the Treasurer of the United States or a designated depositary, in the
> name and to the credit of such court.
>
> This section shall not prevent the delivery of any such money to the rightful
> owners upon security, according to agreement of parties, under the direction of the
> court.

Section 2042 reads:

> No money deposited under section 2041 of this title shall be withdrawn except by
> order of court.
>
> In every case in which the right to withdraw money deposited in court under
> section 2041 has been adjudicated or is not in dispute and such money has
> remained so deposited for at least five years unclaimed by the person entitled
> thereto, such court shall cause such money to be deposited in the Treasury in the
> name and to the credit of the United States. Any claimant entitled to any such
> money may, on petition to the court and upon notice to the United States attorney
> and full proof of the right thereto, obtain an order directing payment to him.

However, neither of these statutes applies to the present case, since the escrow funds were never

deposited with the Court.  Rather, by agreement of counsel, the escrow funds were deposited into

the IOLTA trust account of Plaintiffs' counsel.  Thus, the only apparent way the Court could

order the escrow funds released to Defendants is by virtue of the preliminary injunction creating

said escrow account.

The trouble is, a preliminary injunction is superseded by the entry of a final judgment on

the merits.  *See United States ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988),

*cert. denied*, 488 U.S. 980 (1988); *see also Cypress Barn, Inc. v. Western Elec. Co.*, 812 F.2d

1363, 1364 (11th Cir.1987) (due to its interlocutory nature, preliminary injunction cannot survive

a final order dismissing action); *see also George* v. *Sullivan,* 909 F.2d 857, 861 (6th Cir. 1990).

Because a final judgment has been entered in this case (Dkt. No. 17) – without containing a

directive that the preliminary injunction survive dismissal of the case – this Court simply cannot

provide the relief requested by Defendants.  *Cf., McGough & Associates v. Miller*, Case No.

07-CV-14978, 2008 WL 2157058 *1 (E.D. Mich. May 21, 2008) (stipulated preliminary

injunction enforced *after* dismissal of the case, where order of dismissal included language that

preliminary injunction "shall remain in full force and effect" following dismissal of case).  This

is true notwithstanding the fact that the preliminary injunction states that "[i]f plaintiffs' claims

are dismissed against defendants, the escrow shall be paid to defendants and applied to amounts

outstanding on the mortgage loan at issue in this case."  Again, the final order of dismissal

completely superceded the preliminary injunction and, without language stating that the

preliminary injunction survived dismissal, the preliminary injunction is does not have any force.

This Court has not been presented with any authority to the contrary.

The cases cited in Defendants' reply brief (Dkt. No. 22) – *American Seating Co. V.*

*Kawahara Design, Inc.,* No. 1:07-cv-694, 2009 WL 500808 (W.D. Mich. Feb. 26, 2009) and

*U.S. v. Hendrickson*, Case No. 06–11753, 2010 WL 2490716 (E.D. Mich. June 10, 2010) – are

inapposite and do nothing to change the result.  *American Seating* involved a court ordering the

enforcement of a settlement agreement, but doing so *before* the underlying case was dismissed.

Obviously, a court has the authority to enforce a settlement agreement prior to the dismissal of

the underlying case.  This case, however, is very different inasmuch as Defendants are requesting

this Court to order a disbursement of escrow funds *after* this case has been dismissed with

prejudice.[1]  *Hendrickson* involved the enforcement of a judgment which contained a "permanent"

injunction – in other words, an injunction which clearly survived the dismissal of the case.  The

injunction in this case was never made "permanent," but always remained "preliminary."

Furthermore, *Hendrickson* involved sanctions for failure to comply with post-judgment

discovery; the Federal Rules of Civil Procedures explicitly allow for post-judgment discovery.

*See* Fed. R. Civ. P. 69(a)(2).  The present case does not concern post-judgment discovery

matters.  It also bears noting that Defendants in this case have not requested this Court to set

aside the order of dismissal pursuant to Fed. R. Civ. P. 60, although this Magistrate Judge is

skeptical that there are sufficient grounds to do so, even if Defendants had so requested.

The parties, however, are not left totally without recourse and the escrow funds need not

sit in limbo in perpetuity.  Either party could file a new action in state court seeking recovery of

the escrow funds.[2]  This Court declines to speculate upon what form such an action should take

and/or upon the ultimate merits of such an action.  What is clear at this juncture, however, is that

---

[1]  A more analogous situation would be when a Federal District Court is asked to enforce a settlement
agreement *after* a case has been dismissed with prejudice.  In this scenario, a court can enforce the settlement
agreement *only if* the dismissal order contains language that the court "retains jurisdiction" to enforce the settlement
agreement.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).  Again, the dismissal order in
this matter contains no language about this Court retaining jurisdiction or about the preliminary injunction surviving
dismissal.

[2]  Alternatively, the parties could reach some sort of negotiated settlement concerning the escrow funds.

the case removed by Defendants to this Court is *over* and, thus, this Court lacks the authority to

now order the release of the escrow funds to Defendants.  Such a lack of jurisdictional authority

is a two-way street.  As such, this Court cannot order the escrow funds released to Plaintiffs,

either.[3]

### III.  CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendants' motion to

release funds in escrow be **DENIED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v.*

*Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

---

[3]   And, since the preliminary injunction was dissolved upon the dismissal of this case, the prohibition on
Defendants from "proceeding with eviction" against Plaintiffs is also dissolved.  Therefore, Defendants are free to
immediately commence eviction proceedings against Plaintiffs, if Plaintiffs are still occupying the Property.

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.

 s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: February 9, 2012

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 9, 2012.

s/Melody R. Miles
Case Manager to Magistrate Judge Mark A. Randon
(313) 234-5542